<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter ___7___

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Oscar Equipment Company, LLC** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **84-2063376** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **2403 Farrington Street** <br> **Dallas, TX 75207** <br> Number, Street, City, State & ZIP Code | **P.O. Box 670447** <br> **Dallas, TX 75367** <br> P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Dallas** <br> County | **Location of principal assets, if different from principal place of business** |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.orox.com** |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

| Debtor | **Oscar Equipment Company, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_5324_

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

| Debtor | **Oscar Equipment Company, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

| List all cases. If more than 1, attach a separate list | Debtor | **See Attachment** | | Relationship | |
|---|---|---|---|---|---|
| | District | | When | Case number, if known | |

**11.  Why is the case filed in *this district*?**

*Check all that apply:*

■  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

         Contact name _____

         Phone _____

---

■ **Statistical and administrative information**

**13.  Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.  Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15.  Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16.  Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

| Debtor | **Oscar Equipment Company, LLC** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **Oscar Equipment Company, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

---

| **Request for Relief, Declaration, and Signatures** |

---

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **December 31, 2023**
                        MM / DD / YYYY

**X** **/s/ Mark W Martinson**                                    **Mark W Martinson**
Signature of authorized representative of debtor          Printed name

Title   **Managing Member of Debtor's Manager**

---

**18. Signature of attorney**

**X** **/s/ Daniel N. Brogan**                         Date **December 31, 2023**
Signature of attorney for debtor                                MM / DD / YYYY

**Daniel N. Brogan**
Printed name

**Benesch Friedlander Coplan & Aronoff LLP**
Firm name

**1313 N. Market Street**
**Suite 1201**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 442-7010**          Email address   **dbrogan@beneschlaw.com**

**5723 DE**
Bar number and State

Debtor   **Oscar Equipment Company, LLC**                                    Case number (*if known*) _____
         Name

| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE _____

Case number (*if known*) _____   Chapter   **7**

☐ Check if this an
   amended filing

### FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| Debtor | Oscar Equipment Company, LLC | | Case number (*if known*) | |
|--------|------------------------------|--|--------------------------|--|
| | Name | | | |

| Debtor | AIHV I, LLC | Relationship to you | Affiliate |
|--------|-------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Armstrong Co-Investment Vehicle, L.P. | Relationship to you | Affiliate |
|--------|---------------------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | CEI Holding Vehicle, LLC | Relationship to you | Affiliate |
|--------|--------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | OC Holding Vehicle, LLC | Relationship to you | Affiliate |
|--------|-------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | OCAV IV, LLC | Relationship to you | Affiliate |
|--------|--------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | OFAV I, LLC | Relationship to you | Affiliate |
|--------|-------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Orox Capital Acquisition Vehicle I, LLC | Relationship to you | Affiliate |
|--------|------------------------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Orox Capital Co-Investment GP, L.P. | Relationship to you | Affiliate |
|--------|-------------------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Orox Capital Co-Investment Vehicle I, L.P. | Relationship to you | Affiliate |
|--------|---------------------------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Orox Capital Co-Investment Vehicle II, L.P. | Relationship to you | Affiliate |
|--------|----------------------------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Orox Capital Co-Investment Vehicle III, L.P. | Relationship to you | Affiliate |
|--------|-----------------------------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Orox Capital Credit GP, L.P. | Relationship to you | Affiliate |
|--------|-------------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Orox Capital Credit Opportunities Fund, L.P. | Relationship to you | Affiliate |
|--------|-----------------------------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Orox Capital GP, LLC | Relationship to you | Affiliate |
|--------|----------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Orox Capital Management, LLC | Relationship to you | Affiliate |
|--------|------------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Orox Finance Co-Investment GP, L.P. | Relationship to you | Affiliate |
|--------|-------------------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Orox Southwest Holding Vehicle, LLC | Relationship to you | Affiliate |
|--------|--------------------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Orox SSW Holdings, LLC | Relationship to you | Affiliate |
|--------|------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

| Debtor | Oscar Holding Vehicle, LLC | Relationship to you | Affiliate |
|--------|-----------------------------|---------------------|-----------|
| District | Delaware | When | 12/31/23 | Case number, if known | |

## WRITTEN CONSENT OF SOLE MANAGER AND SOLE MEMBER OF
## OSCAR EQUIPMENT COMPANY, LLC

The undersigned, being the sole Manager (the "Manager") and sole member (the "Member") of Oscar Equipment Company, LLC, a Delaware limited liability company (the "Company"), each hereby consents and agrees to the adoption of the following resolutions pursuant to Section 18-404 and Section 18-302 of the Limited Liability Company Act of the State of Delaware, as amended (the "Act"), and the Third Amended and Restated Limited Liability Company Agreement of the Company, dated as of August 12, 2019, as amended (the "Operating Agreement"), in lieu of holding a meeting. Capitalized terms used in this consent (this "Consent") and not otherwise defined shall have the meanings ascribed to such terms in the Operating Agreement.

## RECITALS

WHEREAS, in connection with certain financing and sales transactions, Member and its indirect equityholders previously agreed to allow certain unaffiliated third parties to sit on the board of managers of Member;

WHEREAS, the indirect equityholders of Member now control the sole manager of Member;

WHEREAS, Member has no knowledge of any changes previously made to the Manager of Company but, out of an abundance of caution, desires to clarify that the undersigned Manager is the sole Manager of Company and that all other persons asserting any right of control over Company have had such authority revoked;

WHEREAS, the Member, having reviewed the financial position of the Company, including the value of its assets, its prospects for future revenue and access to liquidity, and having consulted with counsel regarding restructuring and turnaround options available to the Company, has determined that a wind-down of operations of the Company is the best course of action for the Company and its stakeholders;

WHEREAS, based on such review and consultations, the Member has determined that it would be in the best interests of the Company, its creditors and its indirect equityholders to file a voluntary petition under chapter 7 of the United States Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code");

WHEREAS, after reviewing the same materials reviewed by Member, and considering its own intention to file for protection under the Bankruptcy Code, Manager agrees that it would be in the best interests of the Company, its creditors and other stakeholders to file a voluntary petition under chapter 7 of the Bankruptcy Code;

NOW THEREFORE, BE IT RESOLVED, that the Company is authorized and directed to file (the "Filing") such a voluntary petition in the Bankruptcy Court for the District of Delaware or such other court of proper jurisdiction as determined by the Manager in its reasonable discretion as soon as practicable;

FURTHER RESOLVED, that the Manager is appointed as the sole Manager of Company and all other officers or managers are hereby removed and all resolutions pertaining to not-yet-consummated transactions are hereby revoked (it being agreed that by signing below, Manager is accepting its appointment as Manager);

FURTHER RESOLVED, that the Company, the Manager, and any officers appointed by the Manager be, and hereby are, authorized to enter into and perform their respective obligations under the Bankruptcy Code in connection with the Filing, including by engaging bankruptcy counsel, preparing schedules and all other required documentation for the Filing, signing all attestations and required documents necessary or useful for the Filing, and otherwise ceasing operations and preserving documents and information related to the Company;

FURTHER RESOLVED, that all lawful actions taken to date by the Company, Manager, or any other officer or authorized person taken in connection with the Filing are hereby ratified, adopted, and approved, and that the Manager and any officer appointed by the Manager pursuant to the Operating Agreement is hereby authorized, in the name and on behalf of the Company, to do any and all such further acts and things and to execute and deliver any and all such other documents, ancillary agreements, exhibits, disclosure schedules, forms, instruments and certificates as may, in the opinion of the Manager or such officer, be necessary, convenient or desirable to effectuate the purposes of the foregoing Resolutions and to carry out the actions hereinabove approved;

FURTHER RESOLVED, that this Consent may be executed in multiple counterparts, each of which shall be deemed an original and all of which taken together shall be deemed to be one document;

FURTHER RESOLVED, that the Recitals set forth above are incorporated herein by reference as reflecting the general understanding and intent of the parties; and

FURTHER RESOLVED, that this Consent shall be governed by and construed in accordance with the laws of the State of Delaware.

[*Signature Page To Follow*]

The actions taken by this Consent shall have the same force and effect as if taken at a meeting of the Manager, duly called, and constituted pursuant to the Act and the Operating Agreement. Electronic acceptance (e.g., DocuSign), acknowledgment, and/or delivery of this Consent shall constitute an effective adoption of the resolutions contained herein and be binding as an original.

Dated: December 28, 2023                    Orox Capital Management, LLC, the Manager,

By: _____
Name: Mark W. Martinson, Jr.
Its: Authorized Signatory

Oscar Holding Vehicle, LLC, the Member,
By: Orox Capital Management, LLC, its manager

By: _____
Name: Mark W. Martinson, Jr.
Its: Authorized Signatory

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 7 |
| OSCAR EQUIPMENT COMPANY, LLC, | Case No. 23-_____ (    ) |
| Debtor. | |

## <u>VERIFICATION OF CREDITOR MATRIX</u>

I, the undersigned authorized signatory of the corporation named as the debtor in this case,

hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

*/s/ Mark W. Martinson*
Mark W. Martinson
Authorized Signatory

OSCAR EQUIPMENT COMPANY, LLC
P.O. BOX 670447
DALLAS, TX 75367

ALTA EQUIPMENT COMPANY
13211 MERRIMANN RD
LIVONIA, MI 48150-1826

CALVETTI FERGUSON
DALLAS ARTS TOWER
2200 ROSS AVENUE
SUITE 385
DALLAS, TX 75201

DELAWARE DIVISION OF CORPORATIONS
PO BOX 898
DOVER, DE 19903

DELAWARE DIVISION OF REVENUE/BANKRUPTCY
ATTN: BANKRUPTCY ADMINISTRATOR
CARVEL STATE BUILDING
820 N. FRENCH STREET, 8TH FLOOR
WILMINGTON, DE 19801

FLORIDA DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
P.O. BOX 6668
TALLAHASSEE, FL 32314-6668

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

MICH. DEPT. OF TREASURY, TAX POLICY DIV.
ATTN: LITIGATION LIAISON
2ND FLOOR, AUSTIN BUILDING
430 WEST ALLEGAN STREET
LANSING, MI 48922

MICHIGAN DEPARTMENT OF TREASURY
COLLECTION/BANKRUPTCY UNIT
P.O. BOX 30168
LANSING, MI 48909

OHIO DEPARTMENT OF TAXATION
C/O BANKRUPTCY DIVISION
PO BOX 530
COLUMBUS, OH 43216-0530

OSCAR HOLDING VEHICLE, LLC
PO BOX 670447
DALLAS, TX 75367

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 7 |
| OSCAR EQUIPMENT COMPANY, LLC | Case No. 23-_____ (    ) |
| Debtor. | |

### DISCLOSURE OF COMPENSATION OF ATTORNEYS FOR DEBTOR

1.     I, Jacob H. Marshall, am a partner of the law firm of Benesch Friedlander Coplan & Aronoff LLP ("Benesch").  I submit this statement pursuant to 11 U.S.C. § 329 and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure.

*__The November 8, 2023 Engagement and Receipt of Advance Payment Retainers__*

2.     Benesch has represented Orox Capital Management, LLC ("OCM") in connection with numerous matters since September 2020.  On or about November 8, 2023, Benesch agreed to provide legal services to OCM and the following nineteen (19) affiliated funds and entities (collectively with OCM, the "Orox Debtors")[1] in connection with their distressed financial situation, including the potential preparation and filing of chapter 7 bankruptcy petitions (the "Engagement"):[2]

| | |
|---|---|
| AIHV I, LLC | Orox Capital Co-Investment Vehicle III, L.P. |
| Armstrong Co-Investment Vehicle, L.P. | Orox Capital Credit GP, L.P. |
| CEI Holding Vehicle, LLC | Orox Capital Credit Opportunities Fund, L.P. |
| OC Holding Vehicle, LLC | Orox Capital GP, LLC |
| OCAV IV, LLC | Orox Finance Co-Investment GP, L.P. |
| OFAV I, LLC | Orox Southwest Holding Vehicle, LLC |
| Orox Capital Acquisition Vehicle I, LLC | Orox SSW Holdings, LLC |
| Orox Capital Co-Investment GP, L.P. | **Oscar Equipment Company, LLC** |
| Orox Capital Co-Investment Vehicle I, L.P. | Oscar Holding Vehicle, LLC |
| Orox Capital Co-Investment Vehicle II, L.P. | |

---

[1]     Orox Southwest Holding Vehicle, LLC was not a party to the supplemental engagement letter dated November 8, 2023, but later joined and ratified the engagement effective as of November 8, 2023.  The Orox Debtors do not include any "portfolio companies" owned by the funds.

[2]     The Engagement involved legal services apart from the preparation for chapter 7 bankruptcy filings, including exploring alternative, out-of-court strategies for winding down the Orox Debtors.

23580439 v1

3.      As a requirement of the Engagement: (i) each of the Orox Debtors agreed to be jointly and severally liable for Benesch's fees and expenses incurred in connection with the Engagement and (ii) the Orox Debtors would provide Benesch with an initial $100,000 special purpose retainer (also known as an advance payment retainer)[3] prior to Benesch starting any work on the Engagement.

4.      On November 14, 2023, Benesch received the initial $100,000 special purpose retainer from OCM via wire transfer.  On December 15, 2023, Benesch received an additional $100,000 special purpose retainer from OCM via wire transfer.[4]

5.      From November 14 through December 22, 2023, Benesch professionals working on the Engagement billed time at their standard hourly rates and issued certain invoices reflecting application of the special purpose retainer.

6.      Effective December 23, 2023, Benesch agreed to accept the remaining amount of the special purpose retainer (approximately $91,310) in exchange for: (i) any further analysis of the Orox Debtor's financial situation and rendering related advice to the Orox Debtors; (ii) any remaining work on the preparation of the petitions, schedules, statements of financial affairs, and any other related services required in connection with the Orox Debtors' chapter 7 filings (and related filing fees); and (iii) representation of the Orox Debtors at the meeting of creditors and related preparation.

---

[3]      *See* Rule 1.5(d)(5) of the Illinois Rules of Professional Conduct and *Dowling v. Chicago Options Assoc., Inc.*, 875 N.E.2d 1012, 1018 (Ill. 2007)).

[4]      The source of the funds for the special purpose retainers was OCM, but OCM has charged a portion of those funds to each Orox Debtor, as will be reflected in each Orox Debtors' statement of financial affairs to be filed in the chapter 7 bankruptcy cases.

## _Disclosures Under 11 U.S.C. § 329 and Fed. R. Bankr. Proc. 2016(b)_

7.      Subject to the foregoing background, pursuant to 11 U.S.C. § 329 and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, I certify that Benesch is counsel to the above-captioned debtor (the "Debtor") and that total compensation paid to Benesch within one year before the filing of the petitions in bankruptcy, or agreed to be paid to Benesch, for services rendered or to be rendered on behalf of the Orox Debtors (collectively) in contemplation of or in connection with the bankruptcy cases[5] is as follows:

For legal services, Benesch has agreed to accept …………………………………..**$200,000.00**

Prior to the filing of this statement Benesch has received…………………………..**$200,000.00**

Balance Due……………………………………………………………………**$0.00**

8.      The source of the compensation paid to Benesch was:

☐ Debtor                    ☒Other (specify): Orox Capital Management, LLC

9.      No further compensation is to be paid to Benesch.

10.      Benesch has not agreed to share the above-disclosed compensation with any other person unless they are partners or associates of Benesch.

11.      In return for the above-disclosed fee, Benesch has agreed to render legal services for only the following aspects of the chapter 7 cases of the Orox Debtors:

      a.      any further analysis of the Orox Debtor's financial situation and rendering related advice to the Orox Debtors;

      b.      any remaining work on the preparation of the petitions, schedules, statements of financial affairs, and any other related services required in connection with the Orox Debtors' chapter 7 filings (and related filing fees); and

      c.      representation of the Orox Debtors at the meeting of creditors and related preparation.

---

[5]      This certification does not address amounts paid to Benesch within the past year on other non-bankruptcy matters in which Benesch represented OCM.

12.    By agreement with the Debtor, the above-disclosed fee does not include any other services other than those referenced above.

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to Benesch for representation of the Orox Debtors in the chapter 7 cases.

Date: December 31, 2023            /s/ Jacob H. Marshall_____
                                   Jacob H. Marshall (*pro hac vice* forthcoming)
                                   71 South Wacker Drive, Suite 1600
                                   Chicago, Illinois 60606-4637
                                   Telephone: (312) 212-4949
                                   Email: jmarshall@beneschlaw.com

                                   *Counsel to Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>OSCAR EQUIPMENT COMPANY, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-_____ (    ) |

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized signatory certifies that the following is a list of corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests:

| Equityholder | Percentage of Equity Held |
|---|---|
| Oscar Holding Vehicle, LLC | 100% of the LLC interests of the Debtor |
| Orox Capital Credit Opportunities Fund, L.P. | 69.167% (through its ownership of Class A Units of Oscar Holding Vehicle, LLC, the sole member of the Debtor) |
| Orox Capital Co-Investment Vehicle III, L.P. | 30.833% (through its ownership of Class A Units of Oscar Holding Vehicle, LLC, the sole member of the Debtor |
| George Kaiser Family Foundation | Indirect ownership of 47.822% (through its ownership of 69.14% of the limited partnership interests of Orox Capital Credit Opportunities Fund, L.P.) |
| Snowmass Private Equity, LLC | Indirect ownership of 19.947% (through its ownership of 21.61% of the limited partnership interests of Orox Capital Credit Opportunities Fund, L.P.) |
| Orox Capital Credit GP, L.P. | Indirect ownership: 100% of the general partnership interests of Orox Capital Credit Opportunities Fund, L.P. |
| Orox Capital Co-Investment GP, L.P. | Indirect ownership: 100% of the general partnership interests of Orox Capital Co-Investment Vehicle III, L.P. |

| Orox Capital GP, LLC | Indirect ownership: 100% of general partnership interests of Orox Capital Credit GP, L.P. and Orox Capital Co-Investment GP, L.P. |
| --- | --- |
| Martinson Capital, LLC | Indirect ownership: 100% ownership of the limited partnership interests of Orox Capital Co-Investment GP, L.P. and 83.8% of Orox Capital Credit GP, L.P. |

*/s/ Mark W. Martinson*
Mark W. Martinson
Authorized Signatory